02/22/2018 06:32 FAX                                                                     ☑0006/0010

## IN THE CIRCUIT COURT FOR ALLEGANY COUNTY, MARYLAND

| | | |
|---|---|---|
| CARL K. CONLEY, *Individually* and as *Personal Representative* of the ESTATE OF ETTA LEE CONLEY 14106 Pinto Road Cumberland, MD 21502 | * * * | |
| Plaintiff | * | |
| v. | * | Civil Action No. _____ |
| ARCHIE SELF 233 Self Lane New Creek, WV 26743 | * * | |
| Defendant | * | |

\* \* \* \* \*

### COMPLAINT

Carl K. Conley, *Individually*, and as *Personal Representative* of the Estate of Etta Lee Conley, Plaintiff, by and through his attorney, T. Lee Beeman, Jr., brings this action sounding in negligence against Archie Self, the Defendant.

### Parties

1.  The Decedent, Etta Lee Conley, was a resident of Cumberland, Allegany County, Maryland at all times relevant to this matter, until her death on October 28, 2016.

2.  The Plaintiff, Carl K. Conley, is the surviving husband of Etta Lee Conley, and was married to the Decedent at all times relevant to this matter, until her death on October 28, 2016.

3.  The Plaintiff, Carl K. Conley, was appointed as the Personal Representative of the Estate of Etta Lee Conley on October 20, 2017 by the Register of Wills for Allegany County, Maryland.

4.  The Defendant, Archie Self, is and was at all times relevant to this matter, a resident of New Creek, Mineral County, West Virginia.

5.      Jurisdiction is proper because all events giving rise to the allegations contained in this Complaint occurred in Rawlings, Allegany County, Maryland.

### Count I - Negligence (*Estate of Etta Lee Conley v. Archie Self*)

6.      For that on or about October 22, 2017, at approximately 7:30 p.m., the Plaintiff's Decedent, Etta Lee Conley, was the front seat passenger in a 2005 Ford Taurus owned and operated by the Decedent's son, Charles Thrasher, traveling southbound on Route 220, McMullen Highway, in Rawlings, Allegany County, Maryland.

7.      Mr. Thrasher was operating her vehicle in a safe and reasonable manner, traveling the speed limit with his headlights on, when they approached a section of McMullen Highway adjacent to farm land owned and/or rented by the Defendant, Archie Self.

8.      Then and there, and without warning, Mr. Thrasher observed a large black cow directly in the center of his lane.

9.      Due to the cow's color and the general lack of lighting in the area, Mr. Thrasher was unable to bring his vehicle to a stop after seeing the cow and before striking the cow.

10.     Upon information and belief, the cow in question belonged to the Defendant, Archie Self.

11.     Upon information and belief, the Defendant, Archie Self, owned and/or rented the property adjacent to McMullen Highway in Rawlings for grazing his cattle and kept a herd of cattle on said property.

11.     Upon information and belief, cattle have escaped from the fencing on said property and travelled into the travel portion of McMullen Highway on occasions prior to this matter.

12.     Upon information and belief, the cow that was allowed to escape from the Defendant's farm has escaped from the farm and had been in the roadway at multiple times throughout the day.

13. Upon information and belief, members of the Maryland State Police had responded multiple times on the day in question to the location of the Defendant's farm to attempt to secure the loose cow and had made multiple phone calls to the Defendant, asking him to come secure his cow.

14. The Defendant owed a duty to the public, to travelers on McMullen Highway, and to the Decedent to properly control, secure, and prevent the escape of his livestock cattle.

15. The Defendant failed to act reasonably to properly control, secure, and prevent the escape of his livestock cattle, allowing one to escape and enter the travel portion of McMullen Highway.

16. The Defendant was contacted multiple times by the Maryland State Police, yet failed to act in a reasonable manner to respond to their calls to properly control and secure his livestock cattle.

17. As direct and proximate result of the carelessness and negligence of the Defendant, Archie Self, the Decedent, Etta Lee Conley, suffered injuries about the whole body, including but not limited to her pelvis and chest.

18. As a further result thereof, the Decedent was required to undergo treatment from physicians, hospitals, and nurses.

19. As a further result thereof, the Decedent incurred expenses and costs for physicians, surgeons, surgery, emergency room treatment, physical therapy, chiropractic care, nursing care, drugs and medications, special medical equipment, radiological services, property loss, loss of wages, the impairment of earning capacity, transportation to and from medical providers and pharmacies, and domestic services.

20. As a further direct and proximate result of the negligence and carelessness of the Defendant, Archie Self, and the injuries sustained thereby, some of which are permanent in nature, the Decedent has endured much pain and suffering.

21.     All the injuries, losses and damages were the direct and proximate result of the negligence and carelessness of the Defendant, Archie Self, without any negligence on the part of the Decedent contributing thereto.

WHEREFORE, the Plaintiff, Carl K. Conley, as *Personal Representative* of the Estate of Etta Lee Conley, brings this action and claims the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) as damages against the Defendant, Archie Self.

### Count II – Strict Liability (*Estate of Etta Lee Conley v. Archie Self*)

22.     The Plaintiff, Carl K. Conley, *Individually*, and as *Personal Representative* of the Estate of Etta Lee Conley, does hereby repeat, reiterate and reallege each and every allegation contained in Count I above with the same force and effect as if fully incorporated herein.

23.     Upon information and belief, the livestock cattle stored at the Defendant's farm adjacent to McMullen Highway had previously escaped from the farm's fencing on multiple occasions.

24.     The Defendant, Archie Self, knew, or, with reasonable care, should have known, that the cattle had a propensity to escape and enter the roadway on McMullen Highway.

25.     That cattle entering highway with a fifty (50) mile per hour speed limit would cause the type of harm inflicted in this occurrence, was foreseeable by the Defendant.

WHEREFORE, the Plaintiff, Carl K. Conley, as *Personal Representative* of the Estate of Etta Lee Conley, brings this action and claims the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) as damages against the Defendant, Archie Self.

### Count III - Consortium

27.     The Plaintiff, Carl K. Conley, *Individually*, and as *Personal Representative* of the Estate of Etta Lee Conley, does hereby repeat, reiterate and reallege each and every allegation contained in Count I above with the same force and effect as if fully incorporated herein.

28.   In addition, the Plaintiff avers that he and the Decedent were married at the time of the occurrence and remained married until the Decedent's death, and that the negligence and carelessness of the Defendant directly and proximately caused in the past a loss to their marital relationship such that they have suffered and will continue to suffer in the future a loss of consortium.

29.   The aforesaid loss of consortium was caused by the negligence of the Defendant without any negligence on the part of the Plaintiff or Decedent contributing thereto.

WHEREFORE, the Plaintiff, Carl K. Conley, *Individually*, and as *Personal Representative* of the Estate of Etta Lee Conley, brings this action and claims the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS in this joint claim for their loss of consortium against the Defendant.

Respectfully submitted,

BEEMAN LAW OFFICES, LLC

/ S / T. Lee Beeman, Jr
By: T. Lee Beeman, Jr.
CPF #: 1412160059
201 Washington Street
Cumberland, MD 21502
T: (240) 362-7005
F: (240) 362-7299
lee@beemanlawoffices.com